Matter of the Application of EDWARD D. PETERS, for Mandamus, *v.* ROBERT B. ADAM et al., Constituting Civil Service Commission of Buffalo.

(Supreme Court, Erie Special Term, September, 1907.)

Municipal corporations — Officers and agents — Officers, etc., other than mayor and common council — In general — Transfer from one position to another.
Civil service — In general: Certificate of legality of employment; Officers subject to act — Chief clerk in the bureau of engineering in the city of Buffalo not subject to act.

It is the intent and policy of the Civil Service Law (L. 1899, ch. 370) to permit transfers, especially when not amounting to promotion, from non-competitive to competitive positions, where the person so transferred passes the competitive examination and is placed upon the eligible list for the new place.

Under rule 26 of the Buffalo civil service commission, which provides that transfers in the classified service can be made from one department to another, with the consent of the heads of the respective departments and of the civil service commission, and that no person shall be transferred from a position in the exempt class to one in the competitive class unless he shall have passed the competitive examination prescribed for the competitive position, a person in office who attains any place on an eligible list has a prior right to transfer to those seeking original appointment, although the latter may stand higher on the list.

Where, at the time petitioner was transferred, with the consent of the comptroller, from the position of chief bookkeeper in the comptroller's office in the city of Buffalo, a position in the exempt class, to that of chief clerk in the bureau of engineering in the competitive class, the local civil service commission had prepared no eligible list, but, after a competitive examination, held later, which petitioner took, an eligible list was prepared upon which he was fourth and which was officially certified to the commissioner of public works, contrary to the usual rule and custom to certify only the three highest names, and petitioner was continued in office upon the assumption that the civil service commission thus recognized and authorized his transfer, compliance with the fair intent and meaning and spirit of the Civil Service Law and of the rules of the local commission applicable to the transfer is shown, and petitioner is entitled to a mandamus to compel the commission to certify such of his pay-rolls as it has refused to certify.

Supreme Court, September, 1907. [Vol. 56.

The position of chief clerk in the bureau of engineering in the city of Buffalo is a confidential one, and is improperly placed in the competitive class, and should be transferred to the exempt class.

PROCEEDING to compel certification of pay-rolls.

Matter of the Application of EDWARD D. PETERS, for Mandamus, *v.* ROBERT B. ADAM et al., Constituting Civil Service Commission of Buffalo, JAMES N. ADAM, as Mayor of Buffalo, and CHARLES F. MILLIKEN et al., Constituting State Civil Service Commission.

PROCEEDING to compel reclassification.

Simon Fleischmann, for applicant.

Louis E. Desbecker and Samuel F. Moran, for respondents.

WOODWARD, J. The applicant, Edward D. Peters, chief clerk in the bureau of engineering, department of public works of the city of Buffalo, brings two mandamus proceedings: The first to compel the Buffalo civil service commission to certify certain of his pay-rolls, which they have refused to certify; basing his claim upon the ground that he was lawfully transferred from the position of chief bookkeeper in the comptroller's office, in the exempt class, to that of chief clerk of the bureau of engineering, in the competitive class, and passed the first competitive examination ever held for that position. The second proceeding is to compel the State and municipal civil service commissions to transfer the position of chief clerk from the competitive to the exempt class, upon the ground that said position is that of a secretary, and is also confidential under the Civil Service Law.

These two proceedings may conveniently be considered together.

It appears from the moving papers that Mr. Peters, in 1895, was appointed statement and warrant clerk in the comptroller's office, at which time that position was not in