(66 Misc. Rep. 192.)

PEOPLE ex rel. WEBB v. MILLIKEN et al.

(Supreme Court, Special Term, Queens County.   February, 1910.)

1. OFFICERS (§ 11*)—APPOINTMENT—CIVIL SERVICE—RIGHT TO TRANSFER.

Under the civil service law (Consol. Laws, c. 7) and rules, persons in office who attain any place on an eligible list have a prior right to transfer over those seeking original appointment, though the latter may stand higher on the list.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 13; Dec. Dig. § 11.*]

2. OFFICERS (§ 11*) — APPOINTMENT — CIVIL SERVICE — STRIKING NAME FROM ORIGINAL LIST.

Civil Service Law (Consol. Laws, c. 7) § 14, provides that, as to the competitive class, the term of eligibility shall be fixed for each eligible list at not less than one nor more than four years, and that no person shall be transferred to or assigned to perform the duties of any position subject to competitive examination unless he has passed an open competitive examination equivalent to that required for such position, etc.  Civil Service Commission Rule 15, subd. 3, as to transfers, provides that the certification and appointment in case of a transfer from a position in the competitive class to a position in a different group of such class shall remove the name of the person transferred from the original list.  Held, that the only provision for striking a name from the list is in case of a transfer, and the name of one who has passed an open competitive examination and has been placed upon an eligible list should not be stricken therefrom upon his receiving an appointment to one of several positions for which the examination makes him eligible.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 13; Dec. Dig. § 11.*]

Mandamus by the People, on the relation of John L. Webb, against Charles F. Milliken and others, individually, and as members of the State Civil Service Commission.   Peremptory writ issued.

Francis B. Mullin, for relator.

Edward R. O'Malley, Atty. Gen., for State Civil Service Commission.

LE BOEUF, J.   The relator, in February, 1907, passed an open competitive examination for the position of court stenographer.  The results of this examination entitled him to a place upon an eligible list prepared by the State Civil Service Commission for appointment as court stenographer, either to the Supreme Court or to the County Court.   To be appointed to the position of stenographer to the Supreme Court, residence in the judicial district was required.   To be appointed to the position of stenographer to the County Court, residence in that county was required.   The examination, however, is admitted by both parties to be one examination for eligibility to appointment to either county or state service.   The relator passed the examination and, on July 1, 1907, was fifth on the eligible list of the State Civil Service Commission.

The relator removed from Kings county, where he resided at the time of taking the examination, to Queens county, and thereby became, on July 1, 1907, first on what appears to be merely a division of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

eligible list, and became entitled to original certification and appointment as County Court stenographer for that county. He was duly appointed such stenographer. There has been no new list of eligibles prepared, and no new examination has been held from which a new list of eligibles for appointment as Supreme Court stenographer in the Second judicial district could be made up.

The county judge of Queens county and Mr. Justice Garretson, a justice of the Supreme Court for the Second Judicial District, have taken the requisite proceedings, so far as they are concerned, for the transfer of the relator from the position of stenographer to the County Court of Queens county to that of stenographer to the Supreme Court of the Second Judicial District outside of Kings county. The position is one to which Mr. Justice Garretson, as a justice of the Supreme Court for the Second Judicial District, has the power under the judiciary law to appoint the relator by appropriate designation. It is assumed by both parties that this position is subject to civil service certification, as the duties are those of an official stenographer to the trial and other terms in the various counties within the district, other than Kings county, and to the County Courts themselves, as specified in section 309 of the judiciary law (Consol. Laws, c. 30), when the stenographer to the Supreme Court is not engaged in the performance of his duties in that court.

The qualifications for the two positions are exactly the same. The salary of the position to which transfer has been asked is less than that of the position which relator has held. In the original appointment it was $3,000; in the new position it is $2,750. No question is raised of a promotion. It is not denied that the relator has rendered faithful and satisfactory service to the County Court.

This case is not properly before me except upon the stipulation of the parties, as the venue is laid in Queens county.

In an exceedingly able manner the president of the Civil Service Commission presents the reasons for the refusal of that Commission to certify the relator for appointment. Those reasons, briefly, are: First, that because of relator's appointment as County Court stenographer his name was properly stricken from the list of eligibles, and, therefore, he was "not eligible for certification and appointment" within the commission's rule 15, relating to transfers. Second, that, assuming he is still entitled to remain on the eligible list, he is not, within the commission's rule 8, eligible to transfer, because not one of the first three on the list; and, as part of the same objection, by reason of the provisions of subdivision 4 of rule 15, "if his name were to be considered as on the eligible list at the present time he would not be eligible for transfer under the aforesaid rule because his name would not be one of the first three that the commission would be required to certify under the civil service rules for appointment to the position."

The answer of the State Civil Service Commission presents the view of a department of the government, which department is endeavoring without doubt to enforce to the best advantage the provisions of the state civil service law. If both the questions presented

were original propositions, I should give great weight to some of the arguments presented by the commission.

In Matter of Peters v. Adam, 56 Misc. Rep. 29, 109 N. Y. Supp. 158, this court has determined the second objection; and that case was affirmed by the Appellate Division, Fourth Department, in 122 App. Div. 898, 107 N. Y. Supp. 1142. It was there distinctly held:

"It is reasonably clear that, under the civil service law and rules, persons in office who attain any place on an eligible list have a prior right to transfer to those seeking original appointment, although the latter may stand higher on the list, and that it is the intent and policy of the law to permit transfers, especially when not amounting to promotion, from noncompetitive to competitive positions, at all events where the person so transferred passes the competitive examination and attains any place on the eligible list for the new position. Collier, Civil Service, 72, 73, footnote, 101, note; Civil Service Law [Consol. Laws, c. 7] §§ 13, 15; Rule 26 Buffalo Civil Service Commission."

That case and its citations, to my mind, absolutely settle the question that a person who is upon an eligible list, though he be not one of the first three, may be transferred regardless of his position.

Nor is the situation changed by subdivision 4 of rule 15, which provides as follows:

"(4) The foregoing sections of this rule shall apply to transfers between the state service and the service of the counties to which the state civil service rules have been extended, provided that in transfers from state to county service only legal residents of the county affected may be transferred, and provided that no person may be transferred from county to state service under the provisions of sections 1 and 2 of this rule unless such person was, at the time of original appointment, in the county service or, at the time of the request for transfer, eligible for certification and appointment to the position to which transfer is sought in the state service. No transfer shall be allowed from the service of one county to that of another county."

Regardless of his position on the list at the time of original appointment to the county service, the rule itself gives an alternative—eligibility at the time of the transfer. Inasmuch as the case last cited has determined that in cases of transfer the position of the relator on the list is unimportant—that he is not required to be one of the first three—that authority must be applied as the test of eligibility under this particular section of the rule.

Controlled as I am by this decision, I do not feel called upon to consider the effect of the alleged declinations.

The first objection raised, therefore, becomes important.

It is held by the commission that the relator is not on any list; that the fact of his appointment as stenographer of the County Court of Queens county authorizes them to remove his name from the general list, which they did. The relator insists that he is entitled to remain upon the list, regardless of his appointment.

The relator went upon this general eligible list as a result of fitness proven under the law. The fact that the commission, for convenience of ascertainment of residence, divided the list among counties for County Court appointment, did not deprive the relator before appointment of his right to remain on the list for Supreme Court appointment. Had a sufficient number of others ahead of him declined an appointment, he might easily have become entitled to original certifi-

cation to a vacancy in the Supreme Court before July, 1907. The same qualifications required for both positions, I see no distinction to be drawn because of the separate lists or subdivisions of lists created by the commission itself; the same result might have been accomplished by writing the county of his residence before the name of each stenographer on the general list.

The sole question that then remains is whether the civil service law and the civil service rules require or permit that a person who has passed an open competitive examination—the only examination which has been held prior to the proposed transfer—and has gone upon a general eligible list, can be stricken from that eligible list because he has received an appointment to one of the positions for which that examination made him eligible. Section 14 of the civil service law, as to the competitive class, provides:

"The term of eligibility shall be fixed for each eligible list at not less than one nor more than four years. * * * And no person shall be transferred to, or assigned to perform the duties of, any position subject to competitive examination, unless he shall have previously passed an open competitive examination equivalent to that required for such position, or unless he shall have served with fidelity for at least three years in a similar position."

The Civil Service Commission has promulgated rule 15 upon the subject of transfers. No question is raised but that this is a transfer, nor is any question raised but that the position is one requiring the same qualifications and in the same class as that to which the relator was originally appointed.

In subdivision 3 of rule 15 as to transfers, it is provided:

"(3) Transfers from an exempt or noncompetitive position to a competitive position, or from a position in the competitive class to a position in a different group of such class, shall be allowed only when the person transferred has qualified in an open competitive examination and is eligible for certification and appointment from the appropriate eligible list for the position to which transfer is proposed, and is so certified and appointed."

Then follows a most important provision:

"Such certification and appointment (the certification and appointment occurring in a case of transfer) shall remove the name of the person transferred from the eligible list."

The civil service law itself suggests that fitness, once proven, will permit a person to remain upon an eligible list as long as four years, but contains no express provision for striking off that person's name after appointment. The rules of the commission itself contain no such provision. On the contrary, under the subject of transfers, it is directly stated that, when certified for appointment upon a transfer, then the name must be stricken from the list, suggesting that the name of the person who has an appointment and is being transferred to another is still on the eligible list until his transfer. To give this any other construction would be to require one to hold that there could be no original transfer in any case without the person transferred submitting himself to a new examination, though he has already demonstrated by competitive examination his fitness for the position. The rule is to my mind indicative of a purpose that, while the candidate's

name after original appointment remains upon the eligible list for such time as the commission (not less than one nor more than four years) shall decree, once the man be transferred, all subsequent eligibility to transfer or appointment shall be lost.

The commission challenges the relator's right to remain upon the list at all, not upon any question of time, but upon the sole ground that he was rightfully removed therefrom because of his original appointment. I can find no authority for this proposition in the law or arguments suggested by the commission.

The material facts in this case upon which this opinion is founded appear to be conceded; and a peremptory writ of mandamus may issue, directing the defendants to approve the transfer of John L. Webb, the relator, from the position of stenographer in the County Court, Queens county, to the position of stenographer in the Supreme Court, Second Judicial District outside of Kings county, and directing the issuance of a certificate approving such transfer.

Ordered accordingly.