(68 Misc. Rep. 101.)

PEOPLE ex rel. KELLY v. MILLIKEN et al., State Civil Service Commission.

(Supreme Court, Special Term, Albany County. June, 1910.)

OFFICERS (§ 26*)—CIVIL SERVICE—TRANSFER FROM EXEMPT TO COMPETITIVE POSITION.

Under the State Civil Service Commission Rule 15, subd. 3, providing that a transfer from an exempt or noncompetitive position to a competitive position shall be allowed only when the person transferred has qualified in an open competitive examination, and is eligible for certification and appointment from the appropriate eligible list for the position to which transfer is proposed and is so certified and appointed, a candidate for such transfer need not be one of the three persons standing highest upon the eligible list, as is required for original appointment, and a person may be so transferred who has passed an open competitive examination for the competitive position regardless of his standing upon the eligible list, where such transfer does not amount to a promotion.

[Ed. Note.—For other cases, see Officers, Dec. Dig. § 26.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Mandamus by the People, on the relation of John T. Kelly, against Charles F. Milliken and others, individually and as members of the State Civil Service Commission. Writ granted.

Application for peremptory writ of mandamus, directing the respondents, individually and as members of the State Civil Service Commission, to approve the transfer of John T. Kelly from the position of personal clerk (exempt class) to Mr. Justice Josiah T. Marean of the Supreme Court, Kings county, to the position of court attendant in the Supreme Court, Kings county (competitive class).

James C. Cropsey, for relator.
Edward R. O'Malley, Atty. Gen. (Franklin Kennedy, Deputy Atty. Gen. of counsel), for respondents.

LEBOEUF, J. The justices of the Supreme Court, Kings county, with the consent of Mr. Justice Marean, have taken all the steps that are necessary on their part to transfer the relator from the position which he held as personal clerk to Mr. Justice Marean, at a salary of $2,500 per year, to the position which he claims he is entitled to hold as court attendant to the courts of Kings county, at a salary of $1,800 per year. Prior to such transfer, relator had filled acceptably for eight years a practically similar position, performing practically all the duties of court attendant while he was acting as personal clerk. There is no possible question of his merit and fitness to hold the position. He has the certificate of the justices of Kings county, who are in a position to know whether or not he is fitted for the office. He has passed the open competitive examination of the respondent commission for the position, an examination in which 1,400 took part, and he obtained a percentage of 82.57, and now is No. 129 on the list of eligibles for this position.

The reason given at the time for refusing consent to his transfer by the commission was that "the commission does not feel able to exercise its discretion, supposing it to have it, which is doubtful, in view of other provisions of the civil service law and rules." The commission claimed that relator was not eligible under the provisions of subdivision 3 of its rule 15, which provides:

"Transfer from an exempt or noncompetitive position to a competitive position, or from a position in the competitive class to a position in a different group of such class, shall be allowed only when the person transferred has qualified in an open competitive examination and is eligible for certification and appointment from the appropriate eligible list for the position to which transfer is proposed and is so certified and appointed."

The portion underscored was construed by the commission to mean that the person transferred should be eligible as upon an original appointment, and the commission, therefore, construes this rule in connection with section 2 of its rule 8, which provides for original appointment to be made from the names of the three persons standing highest upon the eligible list for the position.

The case of People ex rel. Peters v. Adam, 56 Misc. Rep. 29, 106 N. Y. Supp. 158, followed by this court in People ex rel. Webb v. Milliken, 66 Misc. Rep. 192, 122 N. Y. Supp. 793, has construed the civil

service law (Consol. Laws, c. 7) and determined the intent of sections 14 and 16 of that act. The present Consolidated Laws provisions are practically identical with those of chapter 370, Laws 1899, there construed.

It is now claimed by the respondents that the Peters Case does not apply, because of certain alleged differences which may be discovered by an examination of the papers on appeal to the Appellate Division and the Court of Appeals. An examination of those cases on appeal satisfies me that all of the questions that are raised in this case were raised in the Peters Case, both in the Appellate Division and the Court of Appeals. The portions of the law itself under construction in that case were as follows: Section 14, Civil Service Law:

"Appointments shall be made to or employment shall be given in all positions in the competitive class that are not filled by promotion, reinstatement, transfer or reduction under the provisions of this chapter, and the rules in pursuance thereof, by appointment from among those graded highest in open competitive examinations conducted by the state or municipal commission, except as herein otherwise provided. * * * No person shall be transferred to * * * or assigned to perform the duties of any position subject to competitive examination, unless he shall have previously passed an open competitive examination equivalent to that required for such position, or unless he shall have served with fidelity for at least three years in a similar position."

Section 16:

"No promotion, transfer or reinstatement shall be made from a position in one class to a position in another class unless the same be specifically authorized by the state or municipal commission, nor shall a person be promoted or transferred to a position for original entrance to which there is required by this chapter or the rules an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person, unless he shall have passed the examination or attained a place upon the eligible list for such higher position."

In the Peters Case there was an attempted transfer, as here, from an exempt to a competitive position in the classified service. The statute involved was the same. The rules were those passed by a municipal commission, but involving the same questions as are here raised by a state commission. Relator there had passed an open competitive examination after, and not before, the transfer. He was not, however, among the three highest on the eligible list. The commission there, as here, under a rule requiring certification of the three highest on the eligible list in cases of original appointment, claimed that he had no right to the transfer as against those ahead of him on the list—that they had a first claim by original appointment. Here the Civil Service Commission construes this rule 15 as to eligibility to mean the eligibility for original appointment prescribed by rule 8. Exactly the same claim was made by the Buffalo commission under its rules. The proceeding there was one to compel the certification of a pay roll, but the commission insisted in the Court of Appeals in its points that they challenged the validity of relator's appointment and not his right to be paid for the services actually rendered.

The respondents' counsel claims that because Rule 15 of the commission was not before the court in the Peters Case, that case cannot be deemed an authority on the construction to be given rule 15. It is to

be noted, however, that the power given to the Civil Service Commission to pass rules which shall have the effect of law is simply to pass rules pursuant to the law which grants that power. If the intent of the law be other and different from that claimed by the commission for its rules, the intent of the law must stand; and no broader construction may be given to its rules than the statutory intent will permit. That intent the court at Special Term squarely decided upon the law itself, with all the questions which are now raised discussed before it, when it stated that "it is the intent and policy of the law to permit transfers, especially when not amounting to promotion, from noncompetitive to competitive positions, at all events, where the person so transferred passes the competitive examination and attains any place on the eligible list for the new position." The Peters Case was affirmed (122 App. Div. 898, 107 N. Y. Supp. 1142) and again affirmed by the Court of Appeals (190 N. Y. 567, 84 N. E. 1118). This affirmance by a unanimous court in the Court of Appeals is illuminating in view of the fact that in Hale v. Worstell, 185 N. Y. 247, 77 N. E. 1177, 113 Am. St. Rep. 895, that court was not in full accord as to the rule to be adopted in cases of promotions made under the guise of transfers. In that case the court had said:

"The word 'transfer' is not used in the Constitution. A promotion is an advancement to a higher position, an elevation, a preferment. If the practical working of the civil service requires a transfer of one engaged therein, such transfer can only be made when it does not in fact constitute a promotion."

In this case, as in the Peters Case, there was no question of promotion. The issue was squarely raised upon the intent of the statute as to transfer. The Court of Appeals, by its affirmance of the Peters Case, gives its sanction to the proposition that one may be transferred from an exempt to a competitive position who has passed an open competitive examination for the latter position, regardless of his standing upon the eligible list. This decision absolutely settles the construction to be given to subdivision 3 of rule 15 of the State Civil Service Commission. If the statute is so construed, the rule cannot be more broadly construed, and that decision is the last word both for this court and the respondents. Now the commission, after disclaiming a discretion, comes in on the hearing of the motion for a peremptory writ of mandamus and claims that under section 16 of the Civil Service Law it has an absolute and unqualified discretion, and that its consent cannot be compelled. It claims that:

"While the relator had passed an open competitive examination for the position of court attendant to which he sought to be transferred, yet his position on said list was one hundred and twenty-ninth and the commission in the exercise of their discretion deemed it wiser that the position of court attendant, to which Kelly sought transfer, be filled by original appointment from the head of the list rather than by transfer of a person who had only obtained a position of one hundred and twenty-ninth on the competitive list."

This amounts to an assertion on the part of the commission that it proposes to exercise a discretion, if it has one, upon the very ground which the Court of Appeals has stated is contrary to the intent of the Civil Service Law itself.

This question of discretion was fully argued before the Appellate Division and the Court of Appeals in the points in the Peters Case It was there claimed, as here, that to compel by mandamus the certification of pay rolls was to compel the consent of the Civil Service Commission, which they had refused to give—that mandamus would not lie. In that case the decision was absolutely against the commission, as it must be here. In that case it appeared that the commission's rules might be construed to distinctly refuse consent to transfer in all such cases. In this case the commission's rules, with which this relator has fully complied (Rule 17, § 1) provides:

"Upon the written request of an appointing officer, stating the essential facts in regard to any proposed promotion, transfer or reinstatement, the Commission will, if such promotion, transfer or reinstatement be in accordance with law and the provisions of these rules, issue its certificate of that fact to such officer."

This was notice to the relator and the appointing officers, including all of the justices whose consent was necessary that in a case of transfer upon compliance with the statute and the rules this transfer would be approved by the commission. They were directly interested in seeing to it that no illegal appointment was made, because under the statute and the rules they would be personally responsible to the relator for his compensation, if illegally appointed, or to the state, if he secured his compensation on an illegal appointment.

The fact that the commission gave a construction to its rule which the statute did not permit does not alter the position of the relator, who has complied with those rules in all essentials, as they are properly to be construed within the meaning of the statute. That construction having been shown to be erroneous, the commission cannot now fall back on an alleged discretion based upon a claim that the three persons standing at the head of the eligible list have prior rights to the relator, when that claimed right has been distinctly repudiated by this court and the Court of Appeals in the Peters Case.

The merit and fitness of the relator have been demonstrated by his passing an open competitive examination. No improper, personal, or political preference is claimed to have been shown by the appointing officers. No proceedings have been taken by the commission upon which to found an exercise of a discretion, if it exists at all, which in any sense can be deemed judicial. Nor is the act of the commission in refusing its consent in this case a judicial act. It is such an act as under the decision in People ex rel. Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785, may be reviewed by mandamus. The action of the commission is within that decision palpably illegal, and its action should not only be reviewed, but a peremptory writ of mandamus as prayed by the relator should issue herein, but without costs.

Ordered accordingly.