(140 App. Div. 762.)

PEOPLE ex rel. KELLY v. MILLIKEN et al., State Civil Service Commission.

(Supreme Court, Appellate Division, Third Department. November 16, 1910.)

1. OFFICERS (§ 26*)—CIVIL SERVICE—TRANSFER FROM EXEMPT TO COMPETITIVE POSITION—RULES—CONSTRUCTION.

Under State Civil Service Commission rule 15, providing that a transfer from an exempt to a competitive position shall be allowed only when the person transferred has qualified in an open competitive examination, and is eligible for certification and appointment from the appropriate eligible list for the position to which transfer is proposed, and rule 8 allowing the commission to certify for appointment only the first three names on the eligible list, the certification of the name of one sought to be transferred is authorized only when his certification is authorized as an original appointee, and one seeking a transfer is stripped of all special privileges and is placed on an equal footing with original applicants for any position in the competitive class.

[Ed. Note.—For other cases, see Officers, Dec. Dig. § 26.*]

2. OFFICERS (§ 26*)—CIVIL SERVICE RULES—POWER OF STATE CIVIL SERVICE COMMISSION.

Under Civil Service Law (Consol. Laws. c. 7) § 6. authorizing the commission to prescribe suitable rules, which, when approved by the Governor, shall have the force of law, the commission may adopt a rule depriving

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

one seeking a transfer from an exempt to a competitive position of any special privilege and placing him on an equal footing with original applicants for any position in the competitive class, notwithstanding section 16, providing that no transfer shall be made from a position in one class to a position in another, unless the same be specially authorized by the commission, etc., which does not give any special privilege to an applicant for a competitive position by reason of his holding at the time a position in the exempt class of the service.

[Ed. Note.—For other cases, see Officers, Dec. Dig. § 26.*]

Appeal from Special Term, Albany County.

Mandamus by the People, on the relation of John T. Kelly, against Charles F. Milliken and others, individually and as members of and composing the State Civil Service Commission. From an order of the Special Term (68 Misc. Rep. 101, 124 N. Y. Supp. 924) directing the issuance of a peremptory writ requiring defendants to approve of the transfer of relator from the position of personal clerk to Mr. Justice Marean of the Supreme Court, Kings County, to the position of court attendant in said court, and directing the issuance of a certificate approving the transfer, defendants appeal. Reversed.

The relator was for some eight years a personal clerk of a Supreme Court justice, and as such in the exempt class of the state civil service. The position of court attendant to which transfer was sought is in the competitive class. The salary of the latter position is less than that of the former, but the term of Mr. Justice Marean expires in about two years. In January, 1907, relator entered an open competitive examination for said position of court attendant, which examination was taken by some 1,400 others, and passed with a position of No. 129 on the eligible list. On January 15, 1910, Justice Marean wrote to the Civil Service Commission requesting in the name of the Supreme Court justices of Kings county that it "certify the eligible list for court attendant, Kings county, down to and including the name of John T. Kelly, 68 Howard street, or his name alone, if that may be done, for the purpose of transferring him from the exempt class of the service to the competitive class, in accordance with the provisions of the civil service law and rule 15, subdivision 3," and also stating that he would not appoint a personal clerk to fill the vacancy caused by such transfer. To this the commission replied, declining so to do on the ground that under its rule mentioned the relator did not appear to be eligible for certification and appointment. Thereafter, on March 11, 1910, the said justices of Kings county by resolution transferred the relator to the position of court attendant, and on March 14th advised the commission of their action, to which the commission replied, asking that it be advised under what provision of the law and rules the proposed transfer was made. On April 12th the justices replied, submitting a memorandum purporting to show their right to make the transfer, and on May 9th the commission again replied, declaring that section 16 of the law and its own rule 15 did not permit the proposed transfer. Mandamus proceedings were thereupon instituted to obtain a certificate of approval from said commission. The sections of the civil service law involved upon this appeal are as follows:

"Sec. 14. The competitive class. * * * No person shall be transferred to, or assigned to perform the duties of, any position subject to competitive examination, unless he shall have previously passed an open competitive examination equivalent to that required for such position, or unless he shall have served with fidelity for at least three years in a similar position."

"Sec. 16. * * * No promotion, transfer, or reinstatement shall be made from a position in one class to a position in another class unless the same be specially authorized by the state or municipal commission, nor shall a person be promoted or transferred to a position for original entrance to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which there is required by this chapter or the rules an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person, unless he shall have passed the examination or attained a place upon the eligible list for such higher position."

By section 6 the commission is directed to prescribe and enforce suitable rules and regulations for carrying into effect the provisions of the civil service law, and all rules so laid down pursuant thereto are declared to have the force and effect of law. Rule 15, adopted by the commission with the approval of the Governor, is as follows:

"Transfers from one department, office or institution to another may be made with the approval of the commission and upon mutual consent of the appointing officer of the departments, officers or institutions affected, as follows: ＊ ＊ ＊

"(3) Transfer from an exempt or noncompetitive position to a competitive position, or from a position in the competitive class to a position in a different group of such class, shall be allowed only when the person transferred has qualified in an open competitive examination and is eligible for certification and appointment from the appropriate eligible list for the position to which transfer is proposed and is so certified and appointed." Rule 17 provides for the issuance of transfer certificates, and provides that transfers shall not be made except after the issuance of such certificates. Rule 8 provides for original appointments to be made from the names of the three persons standing highest upon the eligible list for the position.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Edward R. O'Malley, Atty. Gen., for appellants.
James C. Cropsey, for respondent.

SMITH, P. J. The first question raised is as to the intent and meaning of the commissioners' rule 15. Appellants contend that, because relator is not one of the first three upon the eligible list for the position of court attendant, he cannot be transferred to that position. Relator's contention is that one attaining any position on an eligible list must .be certified for transfer. The history of this rule would seem to leave no room for doubt as to its purpose. Prior to 1906 the rule read as follows:

"A transfer of a person holding a position in the exempt or noncompetitive class to a position in the competitive class may be allowed in the discretion of the commission only when the person to be transferred has qualified in an open competitive examination and his name is upon the appropriate eligible list in force at the time request for a transfer is made."

If this rule were still in this form, the relator's contention would undoubtedly be sound. His name was "upon the appropriate eligible list in force at the time the request for transfer was made." In 1906, however, the rule was changed so as to provide that a transfer could only be allowed "when the person transferred has qualified in an open competitive examination and is eligible for certification and appointment from the appropriate eligible list for the position to which transfer is proposed." By rule 8 of the commission the commissioners are allowed to certify for appointment only the first three names upon the eligible list. The amendment of rule 15 in 1906, therefore, can have only one significance, and that is to authorize the certification of the

name of one sought to be transferred only when his certification is authorized as an original appointee. In other words, the commission has endeavored to strip from those seeking transfers all special privilege, and to place them upon an equal footing with original applicants for any position in the competitive class. While this interpretation of rule 15 as amended would seem to be clear from the wording of the rule, all doubt as to its correctness is removed when read in connection with the rule as it read prior to the amendment.

But the power of the commission to make such a rule is challenged. I know of no provision of law which denied to them the right to make such a rule. . The right of transfer from one class to another is not mentioned in the Constitution. Such a transfer is mentioned in the statute not in any way to establish a right of transfer, but in limitation of the power of a commission to permit it. By section 6 of the act the commission is directed to prescribe and enforce suitable rules and regulations for carrying into effect the law, and those rules, when approved by the Governor, are declared to have the force and effect of law. In view of this power given to the commission, the limitation imposed as to transfers upon the commission by section 16 of the statute cannot be interpreted to require even impliedly any special privilege to be given to an applicant for a competitive position by reason of his holding at the time a position in the exempt class of the service. I am frank to say that in my opinion the civil service suffers many times from too rigid enforcement of the rule of qualification by examination, and that the prerogatives of the commission have been at times so jealously guarded by the commission as to work to the detriment of the service. Nevertheless, I can see no reason why one holding a position in the exempt class of the service should be entitled to any special consideration in an application for appointment in the competitive class. It would almost seem that he might be content with the special favor given him in his appointment to the position in the exempt class. Moreover, if the commission were by its rules required to give such an application priority of right in the certification, it might result in a demoralization of the system by the procurement of an appointment to the exempt class for the special purpose of obtaining a prior right in the application to a position in the competitive class.

The opinion of the learned trial judge who granted the order for mandamus is based principally upon the case of People ex rel. Peters v. Adam, 56 Misc. Rep. 29, 106 N. Y. Supp. 158, affirmed upon the opinion of the court below in 122 App. Div. 898, 107 N. Y. Supp. 1142, and without opinion in 190 N. Y. 567, 84 N. E. 1118. This case was decided at Erie Special Term, and was an application for a writ of mandamus to compel the certification of relator's pay rolls by the Buffalo Civil Service Commission. Rule 26 of the Buffalo Commission provided that no person should be transferred from a position in the exempt class to one in the competitive class "unless he has passed the open competitive examination prescribed" for the competitive position. After quoting in full this local rule, Judge Woodward held that "under the civil service law and rules"—i. e.,

the rules of the Buffalo Commission—transfers from noncompetitive to competitive positions are allowed if the persons transferred "attain any place on an eligible list." In this case Peters was fourth upon the eligible list, and the entire list was certified to the commissioner of public works by the Municipal Civil Service Commission; the commission, as held by the court, thus recognizing and authorizing the transfer. The decision in the Peters' Case is no authority for the respondent herein, inasmuch as rule 15 of the State Commission is clearly different from rule 26 of the Buffalo Commission, which in fact corresponds exactly to old rule 15 of the State Commission before the amendment of 1906 hereinbefore referred to.

These views lead to a reversal of the order of the Special Term and to a denial of the relator's application for a mandamus. The commission upon this appeal have insisted that, apart from their contention which we have discussed, the transfer could only be made upon their approval which might be arbitrarily withheld. This question it is not necessary to decide, nor is it necessary to decide that the right of the commission to make rules governing applications for employment in the civil service is unrestricted. We are of opinion that the rules in question here were authorized by the statute, and under the interpretation which we have given to those rules the relator is without right to relief.

Order reversed, with costs, and motion for a mandamus denied, without costs. All concur; KELLOGG, J., in memorandum.

JOHN M. KELLOGG, J. (concurring in result). I concur in the result reached by the presiding justice, but not for the reasons stated. I think it is not necessary that an applicant for transfer be among the three first names upon the eligible list. In that case he would be a subject for original appointment and the transfer means nothing, and such an interpretation deprives the transfer, to which a good deal of attention is given in the law, of any real force. Section 16 of the civil service law provides that a transfer or promotion shall not be made "unless the same be specifically authorized by the state or municipal commission." The commission has refused its authority in this case and therefore the transfer cannot be made. It had the power, in my judgment, to approve of the transfer, but was called upon to exercise a discretion. It exercised that discretion against the relator.

Matter of Peters v. Adam, 56 Misc. Rep. 29, 106 N. Y. Supp. 158, is not opposed to these views. There Peters sought a mandamus to compel the pay roll to be certified, and a second mandamus requiring the position to be transferred to the exempt class. The court says at page 32 of 56 Misc. Rep., at page 160 of 106 N. Y. Supp.:

"The Commissioner of Public Works thereupon continued Peters in office, fairly assuming that the commission thus recognized and authorized the transfer; and it seems to me that this was the reasonable construction of the commission's action and quite likely its intention at the time.".

In that case the commission was required to certify three persons for appointment under the eligible list. It certified four persons

Peters being the fourth, and the court felt that by certifying him in that way they had specially authorized his appointment to the place. But the court held directly that the office was in the exempt ·class. Being in the exempt class, Peters' appointment was regular. He was entitled to have his pay rolls certified and he obtained the relief asked. I do not consider that case as authority that the commissioners have not discretion. It simply holds, as I read it, that they exercised their discretion in favor of Peters.

I concur in reversal.