PETERS v. JUSTICE, Comptroller of the City of Buffalo.

(Supreme Court, Special Term, Erie County. February, 1912.)

MUNICIPAL CORPORATIONS (§ 860*)—EXPENDITURES—PUBLIC PURPOSE.

> The civil service commission of the city of Buffalo refused to certify pay rolls upon which the name of an employé of the department of public works appeared on the ground that such employé's transfer from another department and appointment in the department of public works were unlawful. The employé brought mandamus to compel the certification of the pay rolls, and the classification of the position held by him in the exempt class, and was successful. The corporation counsel refused to act for the commissioner of public works or the employé in the mandamus proceeding, but represented the civil service commission. The common council directed the issuance of a warrant for the employé's counsel fees and expenditures in such proceeding, which the comptroller refused to countersign and deliver. *Held,* that the employment of counsel by the employé or the commissioner of public works was for a public purpose, which the common council might have originally authorized, and, having ratified such employment by directing the issuance of a warrant, the comptroller should be compelled by mandamus to countersign and deliver the warrant.

> [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 860.*]

Application by Edward D. Peters for a writ of mandamus against William G. Justice, as Comptroller of the City of Buffalo. Peremptory writ awarded.

Simon Fleischmann, for applicant.

Clark H. Hammond, William S. Rann, and J. J. Hurley, for defendant.

MARCUS, J. This proceeding is instituted by the applicant, Edward D. Peters, for an order directing that a peremptory writ of mandamus issue directed to the defendant as comptroller of the city of Buffalo, requiring him to countersign and deliver to the applicant a warrant of $1,026 directed drawn in favor of the applicant by the common council of the city with the approval of the mayor, and which the comptroller refuses to countersign or to deliver. This voucher represents the amount of certain counsel fees and disbursements incurred in the prosecution of two mandamus proceedings instituted in the name of the applicant against the civil service commissions of the city of Buffalo and of the state of New York. The comptroller bases his refusal to deliver the warrant upon the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ground that the city has no legal right to pay this claim, being prohibited from so doing by section 10 of article 8 of the state Constitution which, so far as the question now presented is concerned, provides that no city shall give any money or property in aid of any individual nor incur any indebtedness except for city purposes. The applicant, on the other hand, claims that the services rendered by the attorney employed in the original mandamus proceedings from the circumstances under which they were performed were fairly and essentially rendered for the benefit of the department of public works of the city and in the public interest, and that, therefore, the common council had power to reimburse him for the amount thereof, and this contention presents the sole vital question at issue between the parties, and upon which the conclusion to be reached by the court must depend. It therefore becomes necessary to review briefly the circumstances under which this claim originated and arose, and, as the salient facts are undisputed, the question can be disposed of as one purely of law.

It appears that in December, 1905, while the applicant, Mr. Peters, was holding the position of chief bookkeeper in the office of the comptroller of the city, a position in the exempt class of the civil service, he was appointed by the commissioner of public works as chief clerk of the bureau of engineering, a position then in the competitive class, and he at once assumed the duties of his new position. At this time there was no eligible list in existence for the position of chief clerk in the bureau of engineering, but in an examination subsequently held Mr. Peters attained the fourth place upon the eligible list. The civil service commission took the position that Mr. Peters' appointment and transfer were illegal, and that an appointment to the position of chief clerk of the bureau of engineering could only be made from the three standing highest on the eligible list as soon as that had been prepared, and refused to certify Mr. Peters' pay rolls during the period of about a year, and until compelled to do so by the order of the court referred to later on. The commissioner of public works, on the other hand, took the position that Mr. Peters was lawfully transferred to the position in the engineering department, and that, even if the position was properly in the competitive class, Mr. Peters' transfer was valid as a transfer, so long as he obtained any place upon the eligible list, though not amongst the three highest, and the commissioner further claimed that the position in question was improperly classified in the competitive class, and should at all times have been classified in the exempt class by reason of the character and duties of the position.

The commissioner states that Mr. Peters proved to be a competent and faithful employé, and that he considered it for the best interests of the department of public works and its bureau of engineering and the public interests of the city at large that Mr. Peters should be retained in said position, and that he deemed it his duty to test the legality of Mr. Peters' transfer and appointment, which could only be done by resort to the courts. The commissioner further states that he had frequent consultations, on his own behalf as commissioner, and on behalf of Mr. Peters, with the corporation counsel

of the city, and asked the corporation counsel to represent him as such commissioner before the civil service commission, and, upon the refusal of that commission to certify Mr. Peters' pay rolls, that he likewise requested the corporation counsel to institute legal proceedings for the determination of the questions involved, but that the corporation counsel informed the commissioner that he and his staff represented the civil service commission in this controversy, and would continue so to do in any legal proceedings that might be instituted by the commissioner or Mr. Peters to overrule the action of the civil service commission. The commissioner then further states that he was obliged, as such commissioner and on behalf of the department of public works and of Mr. Peters, to employ counsel to obtain a judicial determination of the questions involved in the controversy existing between the department of public works and the local and state civil service commissions, and that Mr. Simon Fleischmann, an attorney of Buffalo of long experience in the general practice of the law and particularly in civil service matters and proceedings, was retained on behalf of and to represent the commissioner and the department of public works, and Mr. Peters in securing a legal determination of the questions involved and in instituting such proceedings as should be necessary to that end, and that Mr. Fleischmann, after a careful examination into the situation, instituted two mandamus proceedings in the name of Mr. Peters, one to compel the certification of the pay rolls upon the theory of the validity of the transfer, assuming the position to have been properly classified in the competitive class, and the other to compel the civil service commission to classify said position in the exempt class; and the commissioner states that he deemed it of the utmost public importance that this question should be authoritatively settled by the courts for the future guidance of the department of public works and its various bureaus.

Two mandamus proceedings were thereupon instituted, and Mr. Peters was successful in each of these proceedings in the Special Term and Appellate Division of the Supreme Court, as well as in the Court of Appeals, all of the judges passing upon the cases being unanimous in sustaining the position of the commissioner and in overruling the action of the Civil Service Commissions, and orders were made directing the issuing of writs of mandamus requiring the certification of Mr. Peters' pay rolls and the reclassification of the position in the exempt class. People ex rel. Peters v. Adams, 56 Misc. Rep. 29, 106 N. Y. Supp. 158, affirmed 122 App. Div. 898, 107 N. Y. Supp. 1142; affirmed 190 N. Y. 567, 84 N. E. 1118.

The warrant before the court represents the value of the services of the counsel so employed and incidental disbursements incurred in connection with the mandamus proceedings, exclusive of the taxable costs which were nominal, and which have voluntarily been paid by the city. That the amount of the charges for such counsel fee and legal services is reasonable is not questioned; the sole inquiry being limited to the question as to the right or power of the city to pay this claim. As has been stated, the board of aldermen and board of

councilmen have both directed the payment of this claim and the drawing of a warrant in payment thereof, and this action of the common council has been approved by the mayor. All of the interested parties, however, have sought the sanction of the court as to the question of the right of the city to pay this claim, and it is for this reason that the' comptroller has withheld the delivery of the warrant until the question at issue should be judicially determined.

It may be stated at the outset that, while the employment of counsel by the department of public works or by Mr. Peters was not originally expressly authorized by the common council, the action of this body in directing the present claim to be paid amounts to a ratification of such employment, and, if the common council had the authority to authorize the retaining of counsel by the department and Mr. Peters, its subsequent ratification of such employment is equivalent to an original authorization. Peterson v. Mayor, 17 N. Y. 449; Abells v. City, 7 App. Div. 501, 40 N. Y. Supp. 233; Dillon on Municipal Corporations (4th Ed.) § 463; People v. Board, 143 App. Div. 722, 128 N. Y. Supp. 638.

It seems to me that, under the circumstances of this case, the common council would have been acting within its implied powers in authorizing the commissioner of public works to employ counsel to determine the questions involved in this controversy between the department of public works and the civil service commission, especially in view of the fact that the corporation counsel whose duty it is, under the charter of the city, to prosecute and defend all actions and proceedings brought by or against the city or any of its departments, and to advise all the officers and departments of the city in respect to their powers, refused to represent the commissioner of public works or his department in this dispute, and that the employment of counsel under these circumstances was thus for the benefit of the city and in the public interest. Upon this principle it was recently held in this department in a case which has recently been affirmed by the Court of Appeals that, in the absence of an expressed prohibition in a city charter, the common council, as an incident to its general powers, has authority to employ special counsel, if necessary, to assist it in the due performance of the duties imposed by law. Judson v. City of Niagara Falls, 140 App. Div. 62, 124 N. Y. Supp. 282; O'Brien v. City of Niagara Falls, 65 Misc. Rep. 92, 119 N. Y. Supp. 497; Smedley v. Kirby, 120 Mich. 253, 79 N. W. 187.

In the Judson Case, above cited, there was a controversy between two city departments, and the relationship of the corporation counsel to the mayor, who was the president of one of the departments involved, was held not to be in a position where he could properly act for an investigating committee of the two departments involved, and the employment of special counsel was held to be an incident to the general powers of the common council. The assistant city attorney, who makes the answering affidavit on behalf of the respondent, in the present proceeding states in his affidavit that it is not denied that the public interest was promoted and subserved by the settlement

of the questions raised in the original mandamus proceedings, which resulted from the controversy between the department of public works and the civil service commission.

The cases in which it has been held that a public officer against whom criminal charges or charges of official misconduct are preferred cannot recover counsel fees incurred by them in successfully defending themselves are not, in my opinion, analogous to the present case, and in no event should their doctrine be extended. Even in this line of cases the constitutional restriction against allowing counsel fees to public officials incurred in proceedings or actions to remove them from office or in defending a criminal prosecution or charges of official misconduct has recently been modified and relaxed to the extent of holding valid provisions of city charters permitting such expenses to be allowed and paid to city officials who successfully defend such proceedings, upon the theory that such conditional promise to reimburse contained in such a statute may be regarded as a part of the compensation which the state, city, or town stipulates that the officer shall receive in return for the services to be by him rendered. These decisions can only rest upon the theory that counsel fees rendered under such circumstances are incurred for the public benefit. The court in a recent case sustaining this doctrine said:

"In this sense the purpose to be subserved is a public purpose, just as is the purpose in view in providing a specified salary; that is to say, the procurement of suitable and qualified persons to discharge the duties of the office. * * * In this view such legislation seems promotive of the general welfare, and in no sense objectionable." Matter of Kane v. McClellan, 110 App. Div. 44, 96 N. Y. Supp. 806; Matter of Deuel v. Gaynor, 141 App. Div. 630, 126 N. Y. Supp. 112.

While I appreciate that the employment of counsel in the case now before the court was not made pursuant to any express statute, yet, on the other hand, this was not a case in which an official was charged with misconduct or anything of the kind, and the recent authorities above cited recognize the principle that the constitutionality of an act or resolution appropriating public moneys for the compensation of special counsel depends upon the question whether the services rendered are for the public benefit; and, when this test is applied, it seems to me that the common council of the city of Buffalo was justified in ordering the claim now under consideration paid, and had power to direct its payment. The fact that the claim is also a just and equitable one, and that it would be an obvious hardship to compel or allow the commissioner of public works or Mr. Peters to devote a large part of a year's salary to its payment, when the object of the proceedings was to compel the payment of Mr. Peters' salary for nearly a year, and that the contention of the department of public works and of Mr. Peters was sustained in all the courts, need not be entirely ignored in reaching the conclusion I have reached, as it has been held that in many cases the Legislature can authorize a municipal corporation to recognize and pay claims not binding in strict law, and which, for technical reasons could not be enforced in equity, where such claims are just and equitable in

their character and involve a moral obligation. Board of Sup'rs v. State, 153 N. Y. 279, 47 N. E. 288; Brewster v. City of Syracuse, 19 N. Y. 116; Darlington v. Mayor, etc., 31 N. Y. 164, 88 Am. Dec. 248; Brown v. Mayor, etc., 63 N. Y. 239; Mayor, etc., v. T. Nat. Bank, 111 N. Y. 446, 18 N. E. 618; W. I. B. Co. v. Town of Attica, 119 N. Y. 204, 23 N. E. 542; Cole v. State, 102 N. Y. 48, 6 N. E. 277; O'Hara v. State, 112 N. Y. 146, 19 N. E. 659, 2 L. R. A. 603, 8 Am. St. Rep. 726; People v. Phillips, 88 App. Div. 560, 85 N. Y. Supp. 200; Matter of Richard Street, 138 App. Div. 821, 123 N. Y. Supp. 438; Johnson v. Pettit, 120 App. Div. 774, 779, 780, 105 N. Y. Supp. 730; Matter of Grade Crossing Com'rs, 64 App. Div. 71, 71 N. Y. Supp. 674, affirmed 169 N. Y. 605, 62 N. E. 1096; Matter of Mayor, 139 App. Div. 69, 71, 123 N. Y. Supp. 619; People v. Stillings, 134 App. Div. 480, 119 N. Y. Supp. 298; Matter of City of N. Y., 128 App. Div. 150, 112 N. Y. Supp. 531, affirmed 195 N. Y. 527, 88 N. E. 1126; Matter of Mayor, 131 App. Div. 696, 713, 116 N. Y. Supp. 471; People v. Stillings, 136 App. Div. 438, 441, 121 N. Y. Supp. 13.

I have therefore reached the conclusion that the common council had power and authority to allow the claim which it did allow, and, such being the case, that the applicant is entitled to a writ of peremptory mandamus requiring the comptroller to countersign and deliver to him the warrant therefor, which the common council directed drawn in his favor, and an order to that effect may be entered without costs.